Hon. Howard E. Pachman County Attorney, Suffolk County
This is in reply to your inquiry with respect to the implementation by Suffolk county of a housing program pursuant to the Federal Housing and Community Development Act of 1974. Specifically, you inquire whether the county or one of its agencies may act as a "Public housing agency" under section 8 of this Act in order to provide assistance for low-income families.
Under section 8 of the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974 (Pub L No 93-383), the Secretary of Housing and Urban Development is authorized to enter into annual contribution contracts with public housing agencies whereby the agencies contract to make assistance payments to owners of existing dwelling units (42 USCA § 1437f).
A "public housing agency" is defined as:
 "* * * any State, county, municipality, or other governmental entity or public body (or agency or instrumentality thereof) which is authorized to
engage in or assist in the development or operation of low-income housing." (42 USCA § 1437 a [6].) (Emphasis supplied.)
The question thus presented is whether New York State Law authorizes Suffolk County to engage or assist in the development or operation of low-income housing.
The New York State Constitution in Article XVIII, § 1, authorizes the State Legislature to provide for low-rent housing for persons of low income, subject, however, to the provisions of Article XVIII. Section 2 of Article XVIII, provides, in part:
 "[Idem; powers of legislature in aid of.] § 2. For and in aid of such purposes, notwithstanding any provision in any other article of this constitution, but subject to the limitations contained in this article, the legislature may: make or contract to make or authorize to be made or contracted capital or periodic subsidies by the state to any city, town, village, or public corporation, payable only with moneys appropriated therefor from the general fund of the state; authorize any city, town or village to make or contract to make such subsidies to any public corporation, payable only with moneys locally appropriated therefor from the general or other fund available for current expenses of such municipality * * *
 "As used in this article, the term `public corporation' shall mean any corporate governmental agency (except a county or municipal corporation) organized pursuant to law to accomplish any or all of the purposes specified in this article."
It is to be noted that counties are not included in the above provision as one of the municipal entities authorized to perform the housing activities enumerated therein. The Public Housing Law, similarly, defines "municipality" and "municipal corporation" as including, for purposes of that chapter, cities, towns and villages but not counties. (Public Housing Law, § 3 [5].) Sections 30 and 31 of the Public Housing Law provide for the establishment of housing authorities by a special act of the Legislature for cities, villages and towns, but not counties.
Based upon the above-cited provisions of the New York State Constitution and the Public Housing Law, this office has previously stated that a county board of representatives was not authorized to create a municipal housing authority to carry out the purposes of Article XVIII of the Constitution (1970 Atty Gen [Inf Opns] 153).
It should also be noted that the Comptroller has stated in Opns St Comp 76-1037, that "* * * under Art. XVIII, § 2, of the New York State Constitution, counties are not authorized, and may not be authorized by the State Legislature, to engage actively in public housing. * * *"
Based upon the above considerations, we conclude that Suffolk County is not authorized under New York State Law to actively engage in the development or operation of low-income housing and, therefore, may not act as a "public housing agency" under the Federal Housing and Community Development Act of 1974.